

_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
December 19, 2017
_____

WILLIAM A. VAN METER, TRUSTEE
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada 89513
Telephone: (775) 324-2500
c13ecf@nvbell.net

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:    CASE NO. **BK-N 17-50601-BTB**

CHARLES DAVIS LEWIS    CHAPTER 13
VENESA SUZANNE LEWIS,
    **ORDER CONFIRMING CHAPTER 13 PLAN**

      Debtors.

Hearing Date: October 20, 2017
Time: 3:00 p.m.

    The Debtors' Chapter 13 Plan and Motion to Value Collateral having been served on all parties in interest and the Court finding, after proper notice and an opportunity for hearing, that the Debtors' plan satisfies all of the requirements of 11 U.S.C. § 1325, all pending objections having been resolved, and for other good cause appearing;

    **IT IS ORDERED** that the Debtors' Chapter 13 Plan is confirmed.

    **IT IS ORDERED** that there being no objection to the Debtor's compliance with 11 U.S.C. § 521(a)(1) the Court finds that the Debtor has filed all information necessary to proceed with the administration of this Chapter 13 case.

    **IT IS FURTHER ORDERED** that except as otherwise provided for in this order or any other applicable order the Court values any collateral described in the Debtors' Chapter 13 Plan as estimated by the Debtors in the Plan and

that the interest rate proposed to provide the secured creditor with the present value of its claim satisfies 11 U.S.C. § 1325(a)(5)(B)(ii).

**IT IS FURTHER ORDERED** that the Debtors' proposed assumption of executory contracts and unexpired leases as set forth in the Debtors' Chapter 13 Plan are approved.  All executory contracts and unexpired leases not provided for in the Debtors' Chapter 13 Plan are rejected.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee shall file and serve a Notice of Intent to Pay Claims on all parties in interest after the expiration of the time allowed to file proofs of claim.  Objections to the Trustee's Notice of Intent to Pay Claims shall be filed, served, and set for hearing by the objecting party within thirty (30) days following service of the Trustee's Notice.  In the absence of an objection to the Trustee's Notice of Intent to Pay Claims, the proposed distributions set forth in this document shall be final.  Unless the Court orders otherwise after notice and hearing, the Trustee shall make no distributions to any claim filed after the time allowed for filing such claims as set forth in Fed. R. Bankr. P. 3002 and 3004 and the Debtors' Plan.  The time period for the Debtors to file a proof of claim set forth in Fed. R. Bankr. P. 3004 is extended until (30) days following service of the Trustee's Notice of Intent to Pay Claims.

**IT IS FURTHER ORDERED** that to the extent distributions have not been made to the holder of an allowed claim, objections to the allowance and payment of any claim may be filed at any time before the Debtor is discharged.

**IT IS FURTHER ORDERED** that in the event all allowed claims are paid in full prior to the expiration of the Applicable Commitment Period, the Trustee may proceed with closing the case pursuant to applicable local rules without further notice and hearing, seeking a plan modification.

**IT IS FURTHER ORDERED** that the Debtors shall provide immediate written notice to the Clerk of the United States Bankruptcy Court and the Chapter 13 Trustee of any change of address.

**IT IS FURTHER ORDERED** that the debtor shall provide immediate written notice to the Trustee of any termination, reduction of, or other material change in the Debtors' assets, income and/or employment.

**IT IS FURTHER ORDERED** that in the event the Plan does not continue to satisfy all confirmation requirements when the allowed amount of all claims becomes known, the Debtors shall modify the confirmed plan to satisfy all confirmation requirements.  Failure to modify the plan under these circumstances shall constitute cause for dismissal under 11 U.S.C. § 1307(c).

**IT IS FURTHER ORDERED** that to the extent the plan does not provide for arrears on a secured claim and a proof of claim or amended proof of claim is filed indicating that arrears on the claim exist, the Trustee shall make no distributions on the claimed arrears.  The Debtors will pay the arrears claim directly, amend the plan to provide for the unanticipated arrears, or object to the claim.

**IT IS FURTHER ORDERED** that to the extent the plan provides that the Debtor will directly pay his or her ongoing mortgage payments, any Notice of Fees, Expenses, and Charges filed pursuant to Fed. R. Bankr. P. 3002.1(c) constitute the Debtor's obligation to maintain payments in accordance with 11 U.S.C. § 1322(b)(5) and shall be paid directly by the Debtor.  Unless the court orders otherwise, the Trustee will administer only those prepetition arrears reflected in the secured creditor's proof of claim that are necessary to cure any prepetition default.  In the event the Debtor objects to any postpetition fees and charges reflected in a notice filed pursuant to Rule 3002.1(c) the Debtor may file a Motion pursuant to Rule 3002.1(e) seeking a determination of the amount owed.  In the event the Debtor

wishes to provide for payment of any postpetition fees and charges reflected in a Rule 3002.1(c) by the Trustee the Debtor must file a Motion to Modify the confirmed plan pursuant to 11 U.S.C. § 1329.

**IT IS FURTHER ORDERED** that to the extent the Debtor's plan provides for the Trustee to pay the Debtor's ongoing mortgage payments, the Trustee is authorized to pay the ongoing mortgage payment based on the information provided in the creditor's proof of claim, a notice of claim transfer, a notice of payment change, or the information available at the time of confirmation as set forth in this Order. The Trustee is authorized to modify the ongoing mortgage payment based on a timely filed Notice of Payment Change filed pursuant to Fed. R. Bankr. P. 3002.1(b) without Notice or Order of Court. To preserve plan feasibility and/or to prevent a material reduction in the proposed distribution to holders of other allowed claims, the Debtor's proposed monthly plan payment may be increased as necessary without notice and hearing based on a material increase in the proposed conduit mortgage payments based on a Notice of Payment Change filed pursuant to Fed. R. Bankr. P. 3002.1(b) or an unopposed Notice of Fees, Expenses and Charges filed pursuant to Fed. R. Bankr. P. 3002.1(c). The Trustee may propose a plan payment increase by filing and serving a Notice of Increased Plan Payment. In the absence of any objection to the Trustee's proposed increased plan payment the proposed payment change shall be effective 30 days after the Notice is filed by the Chapter 13 Trustee.

**IT IS FURTHER ORDERED** the Plan provides for total attorney's fees of **$4,310.00**. Of this amount a total of **$4,310.00** is allowed, and **$1,310.00** has been paid prepetition. The balance of **$3,000.00** shall be paid by the Standing Chapter 13 Trustee from plan payments. Additional fees and costs, if any, may be approved after notice and hearing in accordance with 11 U.S.C. §§ 329, 330, Fed. R. Bankr. P. 2002, 2016, 2017, and the Court's general Guidelines for Compensation and Expense Reimbursement of Professionals.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 102(1) and based on facts and circumstances of this case further notice and hearing is unnecessary and pursuant to 11 U.S.C. § 1323 the plan is amended as follows:

1. The liquidation value of the Debtors' bankruptcy estate is $12,769.00. The plan satisfies 11 U.S.C. § 1325(a)(4) because the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be distributed to holders of allowed unsecured claims if the bankruptcy estate were liquidated and distributed under Chapter 7.

2. Resolution of the Trustee's objections to the Debtor's claimed exemptions is not relevant to whether or not the Debtor's Chapter 13 Plan may be confirmed. The issue may however become relevant in the future if the Debtor's Chapter 13 case is converted to another Chapter. Accordingly, the Court makes no ruling on the Trustee's objections at this time and the issue may be raised and presented in the future by any successor Trustee.

3. The plan did not provide for 100% distribution of all allowed claims and no objections to plan distribution were made. However, it was represented to the Court at the October 20, 2017 confirmation hearing that the plan payments provided for 100% distribution to all allowed claims. Upon review of the claims filed in this case, however, it was determined that the plan payments required to provide the Debtors' disposable income during the term of the plan is not sufficient to provide for 100% distribution of all claims. Therefore, in addition to the funds paid to the Trustee as of October 16, 2017 in the amount of $2,068.00, the Debtors' plan payments shall increase from $1,245.00 to $1,780.00 per month beginning with the November 2017 payment, then shall increase to $2,700.00 per month beginning with the June 2020 payment (when the Debtors' 401k loan pays off) for the remainder of the 60-month plan term. The minimum plan base shall be $122,048.00.

4. The Debtors' Plan provided for secured creditor Greater Nevada Credit Union to be crammed down for a 2014 Ford Chateau Motorhome in the amount of $46,000.00 with 5% interest to be paid in monthly installment payments of $868.08 with no start date indicated. The claims bar date had passed as of September 20, 2017 and the Creditor had not filed a proof of claim. Debtors' counsel timely filed a secured proof of claim on behalf of Greater Nevada Credit Union in the amount of $46,000.00 under Bankruptcy Rule 3004 on October 4, 2017. Subsequently, the Creditor filed a secured proof of claim in the amount of $55,669.75 on October 19, 2017, which supersedes the proof of claim filed by the Debtor under Rule 3002. The Creditor filed an untimely objection to confirmation on October 19, 2017 objecting to the fair market value of the proposed cram down. The Court determined that the Debtors' proposed cramdown shall be approved. Accordingly, the Trustee shall pay Greater Nevada Credit Union pursuant to the plan in the amount of $46,000.00 with 5% interest at a secured pro rata distribution in order to adequately provide for the proposed distribution, rather than in monthly installment payments. The unsecured portion of the claim shall be paid pro rata with other general unsecured claims at 0% interest.

Prepared by:

CHAPTER 13 TRUSTEE

/S/ WILLIAM A. VAN METER
WILLIAM A. VAN METER, TRUSTEE

**Approved**/Disapproved by:

/S/ MICHAEL C. LEHNERS
MICHAEL C. LEHNERS, ESQ.
Attorney for Debtors

Approved/Disapproved by:

GREGORY L. WILDE, ESQ.
Attorney for Creditor, Greater Nevada Credit Union

ALTERNATIVE METHODS re: RULE 9021:

In accordance with L.R. 9021, the undersigned certifies:

_____    The court waived the requirements set forth in L.R. 9021(b)(1).

_____    No party appeared at the hearing or filed an objection to the motion.

\_\_X\_\_    I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document].

MICHAEL C. LEHNERS, ESQ.          \_\_X\_\_    Approved

GREGORY L. WILDE, ESQ.             \_\_X\_\_    Failed to Respond        **See attached Declaration**
Attorney for Creditor, Greater Nevada Credit Union

\_\_X\_\_    I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

**Dated:**  December 15, 2017

/S/ Candice Walker
Candice Walker
Assistant to William A. Van Meter, Trustee
P.O. Box 6630
Reno, NV  89509

###

WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803
P. O. Box 6630
Reno, NV 89513
Telephone: (775) 324-2500

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:                                              CASE NO.  17-50601-BTB

                                                    Chapter 13

CHARLES DAVIS LEWIS
VENESA SUZANNE LEWIS,
                                                    <u>DECLARATION RE: SUBMISSION</u>
                                                    <u>OF CONFIRMATION ORDER</u>

            Debtor(s).
_____/

1. At the confirmation hearing held October 20, 2017, the Debtors' Chapter 13 Plan was confirmed.

2. That on or about November 20, 2017 the proposed Confirmation Order was sent by fax and email to GREGORY L. WILDE, ESQ. who represents Creditor, Greater Nevada Credit Union, for his review and approval.  A second request was sent by fax on December 1, 2017 with a letter stating that the order would be lodged with the Court in five (5) business days (December 8, 2017) pursuant to L.R. 9021(b)(2).

3. That the Order Confirming Chapter 13 Plan has been signed by the Attorney of record and accurately reflects the agreement between the Creditor and Debtor.  That the Confirmation Order has not been signed by the concerned creditor and has not been returned to this office.  Accordingly, the lodged Order does not bear the Creditor's approval or disapproval.

4. The proposed order and letter were faxed to Mr. Wilde advising counsel that our office would lodge the proposed order on **December 8, 2017** if we did not receive counsel's approval or disapproval.

5. To the best of my knowledge this declaration is true and correct and is signed under penalty of perjury.

DATED: December 15, 2017

                                                    /S/ Candice Walker
                                                    Candice Walker
                                                    Assistant to William A. Van Meter
                                                    Chapter 13 Trustee